UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILSON PRICE, JR.,

                        Plaintiff,                     Case No. 1:14-cv-1340

v.                                            Hon. Robert J. Jonker

JOHNSON CONTROLS,

                        Defendant.

_____/

## REPORT AND RECOMMENDATION

           This is a civil action brought by a *pro se* plaintiff, who was allowed to file the present action *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* Order (docket no. 3). This matter is now before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that the court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."

### I.      Discussion

           The Court reviews a complaint for failure to state a claim on which relief can be granted under § 1915(e)(2) under the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

           To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted).

It is well established that "*pro se* complaints are held to 'less stringent standards than formal pleadings drafted by lawyers.'"   *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987), quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the duty to be "less stringent" with *pro se* complaints does not require this court to conjure up unpled allegations.  *McDonald v. Hall*, 610 F.2d 16, 19  (lst Cir. l979).

Here, plaintiff's one-sentence complaint simply states, "I Wilson Price Jr is filing this complaint of Discrimination & Retaliation against Johnson Control 915 E. 32nd Street Holland MI 49423." Compl. (docket no. 1).  Attached to the complaint is a civil cover sheet indicating that the case is a civil rights case involving "employment" (docket no. 1-6), and 449 pages of documents which appear to relate to a discrimination claim which plaintiff filed against Johnson Controls (docket nos. 1-1 through 1-5).  The attachments reflect that the United States Equal Employment Opportunity Commission dismissed plaintiff's claim on October 10, 2014.  *See* Charge of Discrimination and Dismissal and Notice of Rights (docket no. 1-1 at pp. ID## 3-4).

Plaintiff's complaint does not allege that defendant committed any particular wrongful conduct against plaintiff, but simply states the conclusion that plaintiff is filing a complaint of discrimination and retaliation against Johnson Control.  While the pleading standard of Fed. R. Civ. P. 8 does not require detailed factual allegations, "it demands more than an unadorned, the - defendant - unlawfully - harmed - me accusation." *Iqbal*, 556 U.S. at 678.  Here, plaintiff's one-sentence complaint could not be any less "unadorned."  Accordingly, plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

2

## II.     RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be dismissed.


Dated:  July 20, 2015                              /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).